PABÓN, PLAINTIFF AND APPELLANT, *v.* PAGÁN ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Mayagüez in an Action for the Execution of a Deed of Sale.

No. 2200.—Decided July 30, 1920.

APPEAL—ASSIGNMENT OF ERROR—BRIEF.—When the appellant's brief does not contain the assignment of errors required by sections 42 and 43 of the Rules of the Supreme Court the appeal will be dismissed.

ID.—ID.—ID.—DISCRETION OF COURT.—Although the Supreme Court has discretion to consider any fundamental error not assigned by the appellant, it is not bound to scrutinize a rambling complaint and an incomplete brief in order to find such fundamental error.

ATTORNEY IN FACT — QUAERE. — Whether an allegation in a complaint that the plaintiff is an attorney in fact is sufficient to authorize him to bring an action, and whether an attorney in fact would have a cause of action in his own name.

The facts are stated in the opinion.

Messrs. *E. L. Acosta* and *L. Llorens* for the appellant.

Messrs. *Feliu & Alemañy* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a suit begun in the Municipal Court of San

Germán and purported to be (1) for the execution of a deed for the sale of land; (2) for the annulment of an alleged simulated sale of land and the record thereof; (3) for the annulment of a mortgage and record thereof. The suit was brought by one who alleged himself to be the attorney in fact of another, but without setting forth the power of attorney in the complaint or the essential words of said power which would establish the character of said complaint. A demurrer was filed to the complaint while the case was pending in the municipal court. On appeal to the district court judgment was rendered for the defendants on said demurrer.

The appeal must be dismissed for failure to comply with Rules 42 and 43 of this court. There is no assignment of errors in the brief. We have considered these rules in various cases. *Gordils* v. *Sucs. of Frontera, Ltd., et al.,* 21 P. R. R. 218; *Méndez* v. *Martínez,* 26 P. R. R. 89; *Goble & Jiménez* v. *Truyol & Co.,* 27 P. R. R. 363, and *Royal Bank of Canada* v. *McCormick & Co. et al.,* 27 P. R. R. 383. See also 3 C. J. 1483, 1495, pp. 1343 *et seq.*

We have, of course, a discretion if we find a fundamental error, but we do not feel bound to scan closely a rambling complaint and an incomplete brief to find such fundamental error. Furthermore, as we have seen, the power of attorney is not before us, nor any adequate reference to its contents and we are inclined to believe therefore that the complainant showed no cause of action.

All that the said complaint states is that the appellant is the attorney in fact, which seems to be a legal conclusion. A person may be an attorney in fact for various purposes and still not be authorized to file a suit in substitution of another. A defect of this nature is not one of incapacity in the parties but goes to the foundation of the action. 31 Cyc. 296.

Likewise we are in some doubt whether an attorney in

fact would have a cause of action in his own name, but we need not specifically decide the question.

The appeal must be

*Dismissed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison concurred in the judgment.